OPINION
{¶ 1} This case presents an accelerated appeal of the judgment of the Court of Common Pleas of Geauga County, Domestic Relations division.
 {¶ 2} On August 24, 2001, Appellee filed a motion to modify child support. Appellant filed a motion to show cause why appellee should not be held in contempt for non-payment of support and medical bills, to reallocate the tax dependency exemption, and to convert the arrearages to judgment.
 {¶ 3} The magistrate heard the motions and recommended that appellee be held in contempt. The magistrate also ordered support based on the child support worksheet but failed to make any adjustments for spousal support payments by appellee, or to include the amount of spousal support in determining appellant's gross income.
 {¶ 4} Appellee filed objections to the magistrate's decision regarding the calculation of child support. Appellee did not object to the magistrate's recommendation that appellee be found in contempt.
 {¶ 5} The trial court found that the magistrate erred in the calculation of child support by failing to deduct the amount of spousal support appellee was obligated to pay from his gross income and failing to include this amount in determining appellant's gross income. The trial court found appellee in contempt for failure to pay child and spousal support, and medical bills. The trial court rendered judgment in favor of appellant in the amount of $10,229.23 for arrearages and attorney fees. Appellant appeals the trial court's decision raising the following assignment of error:
 {¶ 6} "The trial court erred * * * by making an adjustment for spousal support payments by deducting them from the [f]ather's gross income and including them in the [m]other's income even though the [c]ourt has made a finding that the payments were not being made, resulting in an unjust child support award that is not in the best interest of the child."
 {¶ 7} In her assignment of error, appellant contends that a spousal support obligation cannot be deducted when calculating an obligor's gross income and included in the calculation of the obligee's gross income unless the spousal support has been actually paid. Therefore, appellant contends that the trial court erred in making these adjustments to the parties' gross incomes in the instant case because the trial court simultaneously found appellee in contempt for failure to pay spousal support.
 {¶ 8} While we find that the trial court erred in calculating the gross incomes of the parties, we find the error harmless in this case. Even though the issue raised by appellant is moot, we choose to address it because it is an issue capable of repetition. Thus, while we agree with appellant's contention, we affirm the trial court's decision.
 {¶ 9} R.C. 3119.01(C)(7) states:
 {¶ 10} "`Gross income' means, except as excluded in division (C)(7) of this section, the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay, and bonuses to the extent described in division (D) of section 3119.05 of the Revised Code; commissions; royalties; tips; rents; dividends; severance pay; pensions; interest; trust income; annuities; social security benefits, including retirement, disability, and survivor benefits that are not means-tested; workers' compensation benefits; unemployment insurance benefits; disability insurance benefits; benefits that are not means-tested and that are received by and in the possession of the veteran who is the beneficiary for any service-connected disability under a program or law administered by the United States department of veterans' affairs or veterans' administration; spousal support actuallyreceived; and all other sources of income. `Gross income' includes income of members of any branch of the United States armed services or national guard, including, amounts representing base pay, basic allowance for quarters, basic allowance for subsistence, supplemental subsistence allowance, cost of living adjustment, specialty pay, variable housing allowance, and pay for training or other types of required drills; self-generated income; and potential cash flow from any source." (Emphasis added.)
 {¶ 11} This definition is applicable in determining "gross income" for purposes of the Child Support Computation Worksheet. See, R.C.3919.01(C); R.C. 3119.022.
 {¶ 12} Appellee was in arrears on his spousal support obligation. Thus, the trial court should not have included this unpaid spousal support when determining appellee's child support obligation. However, in the instant case, appellee supplemented the record on appeal with the trial court's judgment entry of August 20, 2002, which shows appellee has paid the arrearages. Since appellee is no longer in arrears on his spousal support obligation, the judgment of the Geauga County Common Pleas Court, Domestic Relations division, is affirmed.
Judgment affirmed.
JUDITH A. CHRISTLEY and WILLIAM M. O'NEILL, JJ., concur.